UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARENA HERNANDEZ,

    Plaintiff,

v.                                                         Case No. 8:18-cv-3018-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 295-301, 302-309). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 219-223). Plaintiff then requested an administrative hearing (Tr. 11-53, 57-63, 86-89, 792-1051). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 249-270). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr.64-68). Subsequently,

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff requested review from the Appeals Council attaching additional evidence, which the Appeals Council denied (Tr. 1-9). Plaintiff then filed a civil action in Federal District Court in the Middle District of Florida (Tr. 1151-54). The District Court reversed and remanded the decision. (Tr. 1155-69). The ALJ held a subsequent hearing on Plaintiff's claims and issued a partially favorable decision finding that Plaintiff was disabled as of August 11, 2014, but was not disabled between June 1, 2011, her amended alleged onset date, through August 10, 2014 (Tr. 1052-68). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1966, claimed disability beginning June 11, 2011 (Tr. 302). Plaintiff obtained less than a high school education (Tr. 367). Plaintiff's past relevant work experience included work as a cashier, cleaner, dish washer, driver, and sewer (Tr. 367, 373). Plaintiff alleged disability due to musculoskeletal symptoms of carpel tunnel in both her left and right hands (Tr. 369-370).

The ALJ concluded that Plaintiff met the insured status requirements through June 30, 2016 and had not engaged in substantial gainful activity since June 1, 2011, the alleged onset date (Tr. 1060). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: hypertension; carpal tunnel syndrome; trigger finger; lateral epicondylitis; lumbar spine spondylosis; cervical spine degenerative disc and facet disease with cord compression and canal stenosis; multinodular goiter; and obesity (Tr. 1060). Notwithstanding the noted impairments, the ALJ determined that prior to August 11, 2014, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (Tr. 1062). The ALJ then concluded that prior to August 11, 2014, Plaintiff retained a residual functional capacity ("RFC") to perform light work and could do no more than frequently operate hand and foot controls, occasional climbing of ramps and stairs; could do no more than frequently reach, handle, finger, and feel; and avoid anything more than occasional exposure to unprotected heights, moving, and mechanical parts, vibration, and loud noise (Tr. 1065). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were only partially consistent with the medical evidence and other evidence (Tr. 1064).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that prior to August 11, 2014, Plaintiff could perform her past relevant work (Tr. 1066). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a housekeeper or garment sorter (Tr. 1066). However, when limited to an RFC of only occasional hand controls and overhead work, the VE testified that Plaintiff could not perform any past work or other work (Tr. 1113-14). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff disabled *beginning August 11, 2014* (Tr. 1068).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation

marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

At issue is the ALJ's finding that Plaintiff was not disabled during the period of June 1, 2011 through August 10, 2014. Plaintiff argues that the ALJ erred by not properly considering the medical opinion evidence of Dr. Lebowitz and Dr. Lee in determining Plaintiff's limitation of her hands and arms and finding that Plaintiff could perform gross manipulative functions "no more than frequently" in determining Plaintiff's RFC. For the following reasons, the ALJ did not apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

### A. Medical Opinion Evidence

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545,

416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). These factors apply to both examining and non-examining physicians. *Id.* §§ 404.1527(e), 416.927(e). The opinion of a non-examining physician "taken alone" does not constitute substantial evidence to support an administrative

law judge's decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). A claimant's RFC is, ultimately, "a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive"). *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012).

Here, Plaintiff originally filed an application for disability benefits alleging an onset date of disability around 2010. In 2012, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled and was capable of medium work with no manipulative limitations (Tr. 64-85). Plaintiff submitted new evidence and requested review by the Appeals Council, which was denied (Tr. 1-9). Plaintiff then filed a civil action in the Federal District Court for the Middle District of Florida (Tr. 1151-54). The District Court reversed and remanded the case and directed the ALJ to consider the new evidence as well as reevaluate certain other medical evidence (Tr. 1155-69). Upon reconsideration, a new ALJ ordered two additional evaluations by Dr. Charles Lebowitz, who examined Plaintiff and her medical records, as well as Dr. Susan W. Lee who reviewed Plaintiff's medical records (Tr.1323-1335, 1739-40). The ALJ then issued a partially favorable decision finding that Plaintiff was not disabled before August 11, 2014, but became disabled on that date (Tr. 1052-68). At issue is the determination by the ALJ that Plaintiff was not disabled between June 1, 2011 and August 10, 2014 and the determination that during that time Plaintiff had an RFC to perform light work and could do no more than frequently operate hand and foot controls, occasional climbing of ramps and stairs; could do no more than frequently reach, handle, finger, and feel and avoid anything more than occasional exposure to unprotected heights, moving, and mechanical parts, vibration, and loud noise (Tr. 1065).

In rendering Plaintiffs RFC, the ALJ improperly discounted the medical opinion evidence of Dr. Lebowitz and Dr. Lee. The ALJ noted that in determining Plaintiff's RFC

between the period of 2011 and 2014, she afforded little weight to the opinions of Dr. Lebowitz and Dr. Lee. Specifically, by stating that:

> The undersigned accords little weight to the opinions of a consultative examiner in 2017 and a medical expert in the current year since they were offered 3 or more years after the claimant is found to have the above determined residual functional capacity.

(Tr. 1065).

The ALJ erred by improperly discounting the medical evidence of Dr. Lebowitz and Dr. Lee based solely upon when the opinions were rendered. Generally, there is no requirement that the ALJ refer to every piece of evidence in his decision. (*See* Tr. 1052-78). *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) *see also* 20 C.F.R. § 404.1529(c)(3)(iv). However, the Eleventh Circuit has held that the ALJ's failure to assign weight is a harmless error if the ALJ has discussed the medical opinions to sufficiently demonstrate that they were considered. *See Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (finding that the ALJ's failure to discuss weight given to physician's opinion constituted harmless error when the opinion did not contradict the ALJ's finding and was substantially similar to that of another doctor whose opinion was given substantial weight); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (finding harmless error where the ALJ failed to explicitly state what weight he afforded to a number of physicians' medical opinions where none of those opinions directly contradicted the ALJ's findings). Here, the ALJ specifically ordered the examinations by Dr. Lebowitz and Dr. Lee and these physicians reviewed the same record, if not a more expansive record, as the other medical professionals. The ALJ did not provide a valid basis for discounting these opinions, such as they were unsupported by the evidence or contrary to the record as a whole. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). As such, simply discounting their opinions due to the date they were rendered is insufficient under 20 C.F.R. §§ 404.1527(c), 416.927(c). The Commissioner attempts to argue that Dr. Lebowitz's opinion was afforded less weight

because he only reviewed 15 pages of Plaintiff's medical records. (Doc. 21 ¶ 37). Notably, that explanation is lacking from the ALJ's actual decision, therefore it is unclear from the record if Dr. Lebowitz reviewed only 15 pages.

Additionally, the ALJ rejected Dr. Lee's opinion when determining Plaintiff's RFC between 2011 and 2014 while relying heavily on Dr. Lee's opinion with regard to determining Plaintiff's RFC after August 10, 2014, even explaining that Dr. Lee's opinion was more in line with the Plaintiff's subjective statements as well as the record as a whole (Tr. 1067). This is in direct contradiction to the ALJ's statements with regard to determining Plaintiff's 2011-2014 RFC (Tr. 1065). The ALJ did not clearly explain why Dr. Lee's opinion was discounted for 2011, however accepted for 2014. As such, the ALJ erred in discounting both the 2017 opinions of Dr. Lee and Dr. Leibowitz in rendering Plaintiff's RFC and the case should be reversed and remanded for proper consideration of these medical opinions in determining Plaintiff's RFC between the time period of June 1, 2011 through August 10, 2014 as it pertains to Plaintiff's use of her hands and arms.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 12th day of March, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record